BELMONT HOTEL, INC, A CORPORATION, PLAINTIFF-RESPONDENT AND CROSS-APPPELLANT, v. THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY, A CORPORATION (IN LIQUIDATION), DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Argued October 17, 1944—Decided January 4, 1945.

For the plaintiff-respondent, *Kristeller & Zucker* (*Saul J. Zucker*, of counsel).

For the defendant-appellant, *John P. Nugent*.

The opinion of the court was delivered by

PORTER, J.  The plaintiff recovered a judgment against the defendant for $1,895.  The defendant appeals, and the plaintiff cross appeals, claiming to be entitled to additional damages of $300.  The case was tried by the court without a jury by consent of the parties.

The plaintiff operates a hotel in Newark in premises under lease from the defendant owner.  The building was heated, and hot water was provided by means of equipment operated by the burning of fuel oil.  By reason of the scarcity of fuel oil, because of war conditions, the appropriate federal authorities ordered a conversion to coal as fuel.  Whether the land-

lord or the tenant was obligated under the lease to defray the cost of the necessary change is the question raised in the suit.

The lease is for a ten-year period and provides that the tenant shall make all repairs and deliver up the premises at the expiration of the term in good condition, reasonable wear and tear and damage by the elements only excepted. It also provides in paragraph 3 as follows:

"3. The Tenant shall, at its own cost and expense, promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and Municipal Governments, and of any and all their Departments, Commissions, Boards and Bureaus, applicable to said premises, for the correction, prevention and abatement of nuisances, violations or other grievances, in, upon or connected with said premises during said term; and shall also promptly comply with and execute all rules, orders and regulations of the Board of Fire Underwriters for the prevention of fires, at its own cost and expense."

Upon the landlord's refusal to make the change, the tenant did so and brought this suit to recover the costs thereof. In making the conversion of the heating system, it became necessary to make certain structural changes, the installation of storage bins, coal chutes and an automatic stoker. A competent engineer was engaged to recommend the equipment required, to draw plans and specifications, procure bids for the contract and to supervise the work. Three bids were received by responsible heating contractors; the lowest bid of $1,895 was accepted and the work done. The fee of the engineer was $300.

The learned trial court concluded that the conversion of the heating system from fuel oil to coal burning did not constitute a repair or maintenance within the meaning of the lease, which was the tenant's obligation, but was a structural change, the obligation for which was the landlord's. We concur with that view. The need for the conversion was to conserve oil for present war purposes and was not occasioned by the act of the tenant in the maintenance of any nuisance nor the violation of any federal, state or municipal regulation in the operation of a hotel on the premises within the con-

templation of the parties and the provisions of paragraph 3 of the lease, *supra*. In *Holden* v. *O'Brien*, 204 *N. Y. Supp.* 340; *affirmed, 240 N. Y.* 560, there was a construction of a clause in a lease identical with paragraph 3 of the instant lease. The holding in that case was that the tenant was not obliged to make structural changes not made necessary because of "the correction, prevention and abatement of nuisances or other grievances" upon the premises.

We think the ruling under review in this regard was right. However, we also think that the services of the engineer were proper and necessary and that the fee charged was reasonable. It was part of the expense properly incurred. The refusal of the trial court to include this item in the award of damages was erroneous. The amount of the judgment will be increased from $1,895 to $2,195 to include this item and as amended will be affirmed, with costs.

No. 4 with No. 5—

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.

No. 5—

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.